

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXRD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 14, 1939

Honorable E. H. Thornton, Jr.
Chairman, Appropriations Committee
House of Representatives
Forty-sixth Legislature
Austin, Texas

Dear Sir:

Opinion No. 0-632
Re: Authority of Legislature to ap-
propriate money in payment of
deficiency warrant issued by
Governor for purpose of erect-
ing a major building on the cam-
pus of Texas institution of high-
er learning.

By your letter of April 13, 1939, you request of this Depart-
ment an opinion upon the following question:

"Under the Constitution and laws of this State, particu-
lar reference being made to Article 3, Sections 44 and 49 of
the Constitution and Article 4351 of the Revised Civil Statutes
of this State, does the Legislature have the authority to appro-
priate money for the payment of a deficiency warrant issued
by the Governor for the purpose of erecting a major building
on the campus of one of the institutions of higher learning of
this State?"

Your request does not seek to have this Department render an
opinion upon the validity of a particular enactment and does not convey
to the Department information of the particular circumstances surround-
ing the issuance of such deficiency warrant, so that the Department must,
in reply to your question, necessarily be content to point out to you the
general rules governing such matters.

Article 3, Section 44 of the Constitution of the State of Texas,
provides as follows:

"The Legislature shall provide by law for the compensa-
tion of all officers, servants, agents and public contractors,
not provided for in this Constitution, but shall not grant extra
compensation to any officer, agent, servant, or public contractors,

after such public service shall have been performed or con-
tract entered into, for the performance of the same; nor grant,
by appropriation or otherwise, any amount of money out of
the Treasury of the State, to any individual, on a claim, real
or pretended, when the same shall not have been provided for
by pre-existing law; nor employ any one in the name of the
State, unless authorized by pre-existing law."

Article 3, Section 49 of the Constitution of the State of Texas,
provides as follows:

"No debt shall be created by or on behalf of the State,
except to supply casual deficiencies of revenue, repel inva-
sion, suppress insurrection, defend the State in war, or pay
existing debt; and the debt created to supply deficiencies in
the revenue, shall never exceed in the aggregate at any one
time two hundred thousand dollars."

It is settled law that Section 44 of Article 3 prohibits the Leg-
islature from appropriating State money to any person or corporation
on any claim, unless, at the very time the appropriation is made, there
is alreadyiin force some pre-existing valid law constituting the claim
the appropriation is made to pay a legal and valid obligation against the
State. And by legal obligation is meant such obligation as would be en-
forced by the courts against the State, in the event the Legislature should
permit the State to be sued. Fort Worth Cavalry Club vs. Sheppard
(Supreme Court), 83 S. W. (2) 660.

Public offices and officers being peculiar creatures of law,
their powers and duties are necessarily defined and limited by law. It
follows that a public officer has authority to make for the State only such
contracts as he is expressly or impliedly authorized by law to make. If,
therefore, a public officer makes a contract purporting to bind the State,
and in making such contract, he exceeds the limits of the authority con-
ferred upon him by law, the contract is void and does not give rise to
such an obligation as would form the basis of a judgment against the State
in event the State should permit itself to be sued.

Illustrations of the applications of the above principles are to
be found in many cases passed upon by the courts of this State. In the
case of Fort Worth Cavalry Club vs. Sheppard, cited supra, the Supreme
Court, applying the principles above set out, held that the Adjutant Gen-
eral of the State was without express or implied authority to contract for
a five year lease to the State of realty to be used as an armory, and that,
therefore, instruments issued by the Adjutant General in lieu of deficiency
warrants in payment of the rent for such property, approved by the Gov-
ernor, were invalid, since the contract which was the basis thereof was
void, and the Legislature was therefore unauthorized to appropriate money
in payment thereof,

In the case of State vs. Haldeman, 163 S.W. 1020, (writ refused), the Legislature had appropriated $47,500 for the construction of two buildings and, after the contract was let, changes made in the plans and specifications resulted in the contractor furnishing at his own expense material and labor amounting to approximately $13,000 not included in the original contract. The Thirty-first Legislature appropriated $11,000 to pay the claim, providing that it should first be established by suit against the State. Suit having been brought, the Court of Civil Appeals held that the amount specified for the buildings in the original Act was a limitation upon the power of the officers of the State to contract for the construction of those buildings, that the contract above such appropriation was invalid, and therefore not a lawful claim against the State.

Of course, it is clear that if the officer was originally without authority to make the contract, the act of the Governor in approving the deficiency warrant is wholly ineffective to impart any validity to such unauthorized contract.

Your attention is likewise directed to the fact that, in any event, the authority of the Governor is limited, both by the constitutional provision and by the provisions of Article 4351, Revised Statutes, 1925, to the approval of deficiency warrants to an amount not exceeding $200,000, and such deficiency warrants as may be approved above the amount of $200,-000 are invalid both by the constitutional provision and by the provisions of Article 4351, Revised Statutes.

You are, therefore, advised in answer to your question as follows:

If authority, express or implied, to contract for the erection of the building to which you refer was not conferred by some pre-existing valid law, the officers of the State contracting for the erection of such building acted in excess of their authority. The contract, under such circumstances, did not constitute the making of a legal and valid obligation against the State. The act of the governor in approving the issuance of a deficiency warrant in payment of such contract could not render that contract valid. The contract out of which the claim arose, therefore, not having been provided for by pre-existing law, the Legislature, by virtue of the provisions of Section 44 of Article 3 of the Constitution, is without authority to appropriate money of the State in payment of such deficiency warrant.

In any event, if the Governor had approved deficiency warrants to the amount of $200,000 at the time this deficiency warrant was approved by him, under the provisions of Article 4351, and under the provisions of the Constitution, such warrant is invalid.

We trust that this may answer your inquiry. If, however, it is not sufficient for your purposes, and if you desire an opinion of the Department directed to the determination of the validity of a particular appropriation which you may now have under consideration, we would suggest that

you frame your question so as to advise us of all of the circumstances attending and surrounding the making of the contract upon which the deficiency warrant was based and the issuance and approval of such deficiency warrant.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild

R. W. Fairchild
Assistant

RWF:PBP:cm

APPROVED:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS